# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| KARI MAKURAT, Individually and on Behalf of All Others Similarly Situated, | Case No.: 19-cv-1465 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| VITAL RECOVERY SERVICES LLC, | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, chs. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Kari Makurat is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family, or household purposes.

5. Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the alleged debt allegedly arose from a consumer transaction that included agreements to defer payment.

6. Defendant Vital Recovery Services, LLC ("VRS") is a debt collection agency with its principal place of business located at 4775 Peachtree Industrial Boulevard, Suite 310, Berkeley Lake, Georgia 30092.

7. VRS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. VRS is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

9. VRS is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

**FACTS**

10. On or about October 31, 2018, Defendant mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this complaint as Exhibit A.

11. Upon information and belief, the alleged debt referenced in Exhibit A was incurred for personal, family, or household purposes, namely a personal consumer loan.

12. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

13. Upon information and belief, Exhibit A is a form debt collection letter used by Defendant to attempt to collect alleged debts.

14. Exhibit A is the first written communication Defendant sent to Plaintiff regarding the alleged debt referenced in Exhibit A.

15. <u>Exhibit A</u> includes the statutory validation notice that the FDCPA, 15 U.S.C. § 1692g, requires the debt collector mail the alleged debtor along with, or within five days of, the initial communication:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

<u>Exhibit A</u>.

16. <u>Exhibit A</u> does not clearly identify the name of the creditor to whom the debt is owed.

17. Text on <u>Exhibit A</u> identifies the "Current Creditor" as an entity called "ALTERNATIVE LENDING RISK PREMIUM FUND US HOLDINGS" and the "Original Creditor" as "WebBank":



<u>Exhibit A</u>.

18. <u>Exhibit A</u> also contains the following text:

3

> Vital Recovery Services, LLC is now servicing the LOAN account noted to the right that is held by ALTERNATIVE LENDING RISK PREMIUM FUND US HOLDINGS. This account was serviced by Lending Club and they have placed it with us for collections.

Exhibit A.

19. <u>Exhibit A</u> is false, misleading, contradictory, and confusing to the unsophisticated consumer.

20. The unsophisticated consumer would be confused and misled by the reference to the "LOAN account" being "held by ALTERNATIVEE LENDING RISK PREMIUM FUND US HOLDINGS."

21. Upon information and belief, there is no legal entity named "ALTERNATIVE LENDING RISK PREMIUM FUND US HOLDINGS."

22. The unsophisticated consumer would be confused and wonder whether "ALTERNATIVE LENDING RISK PREMIUM FUND US HOLDINGS" was a legal entity or was instead merely a *portfolio of debts* owned by either Lending Club or WebBank.

23. The confusion engendered by the reference is exacerbated by the representation that the "account was serviced by Lending Club and they have placed it with us for collections."

24. The consumer would have no idea which of "ALTERNATIVE LENDING RISK PREMIUM FUND US HOLDINGS," "Lending Club," "WebBank," Defendant, or perhaps even some unnamed entity was actually the current creditor to whom the debt was owed.

25. The consumer would have no idea which of "ALTERNATIVE LENDING RISK PREMIUM FUND US HOLDINGS," "Lending Club," or "WebBank" was the entity that "placed" the account with Defendant for collections.

26. Moreover, <u>Exhibit A</u> further states:

> **IMPORTANT NOTICE: PLEASE RESPOND**
> **YOUR LENDING CLUB ACCOUNT HAS BEEN PLACED WITH US FOR COLLECTION**

Exhibit A.

27. The representation that "YOUR LENDING CLUB ACCOUNT HAS BEEN PLACED WITH US FOR COLLECTION" further obscures whether the actual creditor is "ALTERNATIVE LENDING RISK PREMIUM FUND US HOLDINGS," "Lending Club," or "WebBank" because the statement that the debt is a "LENDING CLUB ACCOUNT" apparently contradicts the statement that the "Current Creditor" is "ALTERNATIVE LENDING RISK PREMIUM FUND US HOLDINGS." *See, e.g., Taylor v. Alltran Fin.*, No. 18-cv-306, 2018 U.S. Dist. LEXIS 159862, at *7 (S.D. Ind. Sept. 19, 2018); *Braatz v. Leading Edge Recovery Solutions, LLC*, No. 11-cv-3835, 2011 U.S. Dist. LEXIS 123118, at *3-4 (N.D. Ill. Oct. 20, 2011).

28. For the purposes of Plaintiff's claims under 15 U.S.C. § 1692e, Defendant's misrepresentation and confusion of the current creditor's identity is a materially false, deceptive, misleading, and confusing representation.

29. "*Clear* identification of the current creditor serves the important purpose of helping unsophisticated consumers avoid fraud and the potential for double payments." *Taylor*, 2018 U.S. Dist. LEXIS 159862, at *5-6.

30. Exhibit A also states:

> As of the date of this letter, you owe $5,139.77. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown to the right, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call (888)297-4067.

Exhibit A.

5

31. The statement that "[b]ecause of interest, late charges, and other charges assessed by your creditor that may vary from day to day, the amount due on the day you pay may be greater," is a material representation that the creditor, or the debt collector, may impose interest, late charges, and other charges under applicable law. *Boucher v. Fin. Sys. of Green Bay*, No. 17-2308, 2018 U.S. App. LEXIS 1094, *8-9 (7th Cir. Jan. 17, 2018).

32. Assuming the balance of Plaintiff's account was properly accelerated neither Vital, nor the creditor, could collect late fees on the account unless it was returned to a current status. *See, e.g., Rizzo v. Pierce & Assocs.*, 351 F.3d 791, 794 (7th Cir. 2003) ("If, for whatever reason, the Rizzos did not want to pay the late fees, they were free to pay the loan as accelerated. Such a payment would nullify any obligation to pay post-acceleration late fees."); *Diaz v. FCI Lender Servs.*, No. 17-cv-8686, 2018 U.S. Dist. LEXIS 168733, at *8-12 (S.D.N.Y. Sept. 28, 2018); *Rodriguez v. Codilis & Assocs., P.C.*, No. 17-cv-3656, 2018 U.S. Dist. LEXIS 54898, at *11-12 (N.D. Ill. Mar. 30, 2018).

33. Moreover, upon information and belief, when Vital mailed Exhibit A to Plaintiff, Plaintiff's account with had been accelerated and "charged off." *See* 12 C.F.R. 226.5(b)(2)(i).

34. Upon information and belief, the creditor had no intention to add late fees to Plaintiff's account after charge-off.

35. The representation that the amount due on the account "may be greater" because of post-charge off late fees when the creditor cannot and does not actually intend to collect additional late fees is a material false representation, even if the creditor is legally entitled to do so. *See, e.g., Ruge v. Delta Outsource Group, Inc.*, 2017 U.S. Dist. LEXIS 35047, at *6 n.4, *9 n.6 (N.D. Ill. Mar. 13, 2017).

6

36. Alternatively, if the balance Plaintiff's account had not been accelerated, the amount due would be less than the total amount owed, and the failure to state the amount *due* as of Exhibit A is confusing and misleading to the unsophisticated consumer. *E.g., Machnik v. RSI Enters.*, 2017 U.S. Dist. LEXIS 160772, at *6 (E.D. Wis. Sept. 29, 2017) ("In the context of a debt, 'owing' an amount is distinguishable from the amount 'due.' For example, a debtor might 'owe' a certain amount on a loan, but only a portion of that amount will be 'due' at a particular time."); *see also, Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 948 (7th Cir. 2004) (debt collector violates FDCPA if it states the total account balance without specifying that only a portion of the balance is actually due); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000) ("What [the debt collector] certainly could do was to state the ***total amount due***—interest and other charges as well as principal—on the date the dunning letter was sent. We think the statute required this.") (emphasis added).

37. Plaintiff read Exhibit A.

38. Plaintiff was confused and misled by Exhibit A.

39. The unsophisticated consumer would be confused and misled by Exhibit A.

40. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

41. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

### *The FDCPA*

42. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. F

7

43. *Derosia v. Credit Corp. Solutions*, 2018 U.S. Dist. LEXIS 50016, *12, 2018 WL 1513043 (E.D. Wis. March 27, 2018); *Pogorzelski v. Messerli & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes . . . do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number

of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

44. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

45. Misrepresentations of the character, amount or legal status of any debt, including language confusing or obscuring the identity of the entity to whom the debt is owed, injure or risk injury to interests expressly protected by Congress in the FDCPA. *See Richardson v.*

9

*Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" (internal citations omitted); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

46. A debt collector cannot make confusing representations about the identity of the creditor in a collection letter.

47. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

48. 15 U.S.C. § 1692e(2)(a) specifically prohibits debt collectors from making false representations about "the character, amount, or legal status of any debt."

49. 15 U.S.C. § 1692e(5) specifically prohibits debt collectors from "threat[ing] to take any action that cannot legally be taken or that is not intended to be taken."

50. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

51. 15 U.S.C. § 1692f generally prohibits debt collectors from using any "unfair or unconscionable means to collect or attempt to collect any debt."

52. 15 U.S.C. § 1692f(1) specifically prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

53. 15 U.S.C. § 1692g(a) states, in pertinent part:

**Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (2) the name of the creditor to whom the debt is owed;

54. To satisfy § 1692g(a)(2), a debt collector must state the name of the creditor in a non-confusing manner:

> Section 1692g(a) requires debt collectors to disclose specific information, including the name of the current creditor, in certain written notices they send to consumers. If a letter fails to disclose the required information clearly, it violates the Act, without further proof of confusion.

*Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 319 (7th Cir. 2016).

55. Both before and after the Seventh Circuit decided *Janetos*, courts in and outside the Seventh Circuit have held that a debt collector must clearly and unequivocally identify the current creditor to whom the debt is owed and "a FDCPA plaintiff states a claim when she alleges that the collection letter names the creditor in a manner that is unclear or confusing." *Blarek v. Creditors Interchange*, No. 05-cv-1018, 2006 U.S. Dist. LEXIS 60595, at *3 (E.D. Wis. Aug. 25, 2006); *see also, e.g., Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 133 (E.D.N.Y. 2007); *Walls v. United Collection Bureau*, No. 11-cv-6026, 2012 U.S. Dist. LEXIS 68079, at *5 (N.D. Ill. May

11

16, 2012); *Deschaine v. Nat'l Enter. Sys.*, No. 12-cv-50416, 2013 U.S. Dist. LEXIS 31349, at *3-5 (N.D. Ill. Mar. 7, 2013); *Aribal*, 2013 U.S. Dist. LEXIS 105355, at *12-13; *Braatz*, 2011 U.S. Dist. LEXIS 123118, at *3; *Pardo v. Allied Interstate, LLC*, No. 14-cv-1104, 2015 U.S. Dist. LEXIS 125526, at *8-9 (S.D. Ind. Sept. 21, 2015); *Long v. Fenton & McGarvey Law Firm, P.S.C.*, 223 F. Supp. 3d 773, 778-79 (S.D. Ind. Dec. 9, 2016); *Brinkmeier v. Round Two Recovery, LLC*, No. 15-cv-3693, 2016 U.S. Dist. LEXIS 97664, at *4 (E.D.N.Y. July 25, 2016); *Smith v. Cohn, Goldberg & Deutsch, LLC*, 296 F. Supp. 3d 754, 761 (D. Md. 2017); *Taylor*, 2018 U.S. Dist. LEXIS 159862, at *7-11; *Leavens v. Nat'l Credit Sys.*, No. 17-cv-7354, 2019 U.S. Dist. LEXIS 58399, at *10-13 (E.D.N.Y. Mar. 29, 2019); *Anderson v. Ray Klein*, No. 18-cv-11389, 2019 U.S. Dist. LEXIS 63759, at *6-8 (E.D. Mich. Apr. 10, 2019).

### *The WCA*

56. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

57. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n**.**15, 596 N.W.2d 786 (1999) (citations omitted).

58. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

59. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies, including punitive damages. The Act contains significant and

12

sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

60. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

61. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

62. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

63. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer … in such a manner as can reasonably be expected to threaten or harass the customer."

64. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer …."

65. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

66. Wis. Stat. § 427.104(1)(L) states that a debt collector may not: "{Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

## COUNT I – FDCPA

67. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

68. On the face of Exhibit A, it is impossible to determine whether "ALTERNATIVE LENDING RISK PREMIUM FUND US HOLDINGS," "Lending Club," "WebBank," Defendant, or perhaps even some unnamed entity was the current creditor to whom the debt was owed.

69. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692g(a)(2).

## COUNT II – FDCPA

70. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

71. Defendant represents that the debt has been accelerated, but also represents that the debt was subject to increase because of late charges.

72. The debt has either been accelerated, in which case late charges cannot accrue as a matter of law, or it has not been accelerated, in which case only a portion of the balance was due.

73. If the debt has been accelerated, then by stating that the alleged debt referenced therein was subject to "interest, late charges, and other charges," Exhibit A threatens to assess

charges, which Defendant could not legally impose, did not intend to impose and does not regularly impose in the ordinary course of business.

74. If the debt has not been accelerated, then by representing the account balance without stating the actual amount due on the day the letter was mailed, Exhibit A falsely attempts to collect portions of the balance that are not yet due.

75. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g(a)(1).

## **COUNT III – WCA**

76. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

77. Defendant represents that the debt has been accelerated, but also represents that the debt was subject to increase because of late charges.

78. The debt has either been accelerated, in which case late charges cannot accrue as a matter of law, or it has not been accelerated, in which case only a portion of the balance was due.

79. If the debt has been accelerated, then by stating that the alleged debt referenced therein was subject to "interest, late charges, and other charges," Exhibit A threatens to assess charges, which Defendant could not legally impose, did not intend to impose and does not regularly impose in the ordinary course of business.

80. If the debt has not been accelerated, then by representing the account balance without stating the actual amount due on the day the letter was mailed, Exhibit A falsely attempts to collect portions of the balance that are not yet due.

81. Defendants violated Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(1)(L).

## CLASS ALLEGATIONS

82. Plaintiff brings this action on behalf of two classes.

83. Class I ("Wisconsin Class") consists of:

(a) all natural persons in the State of Wisconsin, (b) who were sent a collection letters by Defendant in the form represented by Exhibit A to the complaint in this action (c) attempting to collect a debt incurred for personal, family, or household purposes, (d) where the letter stated the "Current Creditor" was "ALTERNATIVE LENDING RISK PREMIUM FUND US HOLDINGS," (e) was mailed between October 7, 2018 and October 7, 2019, inclusive, (f) and was not returned by the postal service.

84. Class II ("Nationwide Class") consists of:

(a) all natural persons in the State of Wisconsin, (b) who were sent a collection letters by Defendant in the form represented by Exhibit A to the complaint in this action (c) attempting to collect a debt incurred for personal, family, or household purposes, (d) where the letter stated the "Current Creditor" was "ALTERNATIVE LENDING RISK PREMIUM FUND US HOLDINGS," (e) was mailed between October 7, 2018 and October 7, 2019, inclusive, (f) and was not returned by the postal service.

85. Each Class is so numerous that joinder is impracticable.

86. Upon information and belief, there are more than 50 members of each Class.

87. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and/or the WCA.

88. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

89. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

90. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

91. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) injunctive relief;

(d) attorneys' fees, litigation expenses and costs of suit; and

(e) such other or further relief as the Court deems proper.

Dated: October 7, 2019

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com